**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

CRUM & FORSTER SPECIALTY     )
INSURANCE COMPANY,     )
    )
    Plaintiff,     )
    v.     )   Case No.: <u>1:19-CV-6376</u>
    )
CHICAGO TRUTH, INC., D/B/A     )
STRUCTURE NIGHT CLUB, RONALD     )
HIGGINS, DARRON BYRD, and     )
EDWARD STEPHENS,     )

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Crum & Forster Specialty Insurance Company ("Crum & Forster"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants, Chicago Truth, Inc. d/b/a Structure Night Club ("Chicago Truth"), Ronald Higgins, Darron Byrd, and Edward Stephens, states as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. In this action, Crum & Forster seeks a determination of its rights and obligations under an insurance policy issued to Chicago Truth, Inc. in connection with an underlying lawsuit filed by Ronald Higgins, Darron Byrd, and Edward Stephens, which asserts certain claims against Chicago Truth, Inc. d/b/a Structure Night Club.

## JURISDICTION AND VENUE

2.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this

action is between citizens of different states and the amount in controversy exceeds $75,000.

4.　　Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) as certain defendants reside in the Northern District of Illinois and the events at issue took place in the Northern District of Illinois.

5.　　The Underlying Action (as defined herein) is pending in the Circuit Court of Cook County, Illinois.

## THE PARTIES

6.　　Plaintiff Crum & Forster is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Jersey.

7.　　Chicago Truth is or was a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 14720 S. Halsted Street, Harvey, Illinois.

8.　　Defendant Ronald Higgins is an adult individual who is a citizen of and is domiciled in the state of Illinois.

9.　　Defendant Darron Byrd is an adult individual who is a citizen of and is domiciled in the state of Iowa.

10.　　Defendant Edward Stephens is an adult individual who is a citizen of and is domiciled in the state of Illinois.

11.　　Crum & Forster issued a policy of insurance to Chicago Truth, as described more fully below.

12.　　The scope of the coverage available to Chicago Truth is governed by the terms, conditions, and exclusions of the policy.

## THE UNDERLYING ACTION

13.     On or about April 16, 2018, Ronald Higgins, Darron Byrd, and Edward Stephens (the "Underlying Plaintiffs") filed a lawsuit against Chicago Truth in an action styled *Ronald Higgins, Darron Byrd, and Edward Stephens v. Chicago Truth, Inc. d/b/a Structure Night Club*, Case No. 2018-L-003852, in the Circuit Court of Cook County (the "Underlying Action"). A true and correct copy of the complaint in the Underlying Action (the "Complaint") is attached hereto as Exhibit A.

14.     In the Complaint, the Underlying Plaintiffs allege that, on or about November 18, 2017, they were patrons of an entertainment club known as "Structure Night Club" located at 14720 Halsted Street in Harvey, Illinois. Ex. A, ¶¶ 3, 4.

15.     The Underlying Plaintiffs further allege in the Complaint that at that place and time, various acts and/or omissions of Chicago Truth caused the Underlying Plaintiffs to sustain severe and permanent injuries due to an assault and battery committed upon them Ex. A, ¶¶ 8-10, 13-15, 18-20.

16.     In the Complaint, each of the Underlying Plaintiffs assert a negligence count against Chicago Truth. Ex. A, pp. 2, 3, 5.

17.     In the counts asserted against Chicago Truth in the Complaint, each of the Underlying Plaintiffs alleged that it was the duty of Chicago Truth to take reasonable steps to provide a safe environment for its patrons, including each of the Underlying Plaintiffs. Ex. A, ¶¶ 7, 12, 17.

18.     The Underlying Plaintiffs further allege in the Complaint, that at the time and place alleged, Chicago Truth was guilty of one or more of the following acts and/or omissions:

(a)     Failed to exercise a degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of its facility;

(b)     Carelessly and negligently failed to provide adequate training to its bouncers;

(c)     Careless *(sic)* and negligently hired bouncers who were not qualified to perform their job;

(d)     Carelessly and negligently failed to monitor the actions of their bouncers and of intoxicated patrons.

Ex. A, ¶¶ 8, 13, 18.

19.     The Underlying Plaintiffs allege that one or more these acts and/or omissions of Chicago Truth was the proximate cause of an assault and battery committed upon them, which resulted in the injuries sustained by them. Ex. A, ¶¶9, 14, 19.

20.     The Underlying Plaintiffs further allege that as a direct and proximate result thereof, the Underlying Plaintiffs were caused to sustain severe and permanent injury, incur extensive medical costs and procedures for being treated for said injuries, incur lost wages, and in the future be prevented from attending to normal and customary affairs of life. Ex. A, ¶¶ 10, 15, 20.

## THE POLICY

21.     Crum & Forster Specialty Insurance Company issued Policy Number BAK-30768-1 to Named Insured "Chicago Truth, Inc.", with limits of liability of $1,000,000 each occurrence and $2,000,000 general aggregate, and with effective dates of June 29, 2017 to June 29, 2018 (the "Policy"). A true and correct certified copy of the Policy is attached hereto as Exhibit B.

22.     The Commercial General Liability Occurrence Coverage Part of the Policy contains an insuring agreement which states, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

  **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

  **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.** No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

  **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

                              * * *

Ex. B.

        23.    The Commercial General Liability Occurrence Coverage Part of the Policy also

contains the following language regarding "Who Is An Insured":

**SECTION II – WHO IS AN INSURED**

        **1.**  If you are designated in the Declarations as:

                              5

* * *

    **d.**  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

* * *

**2.**  Each of the following is also an insured:

    **a.**  Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

  **(1)**  "Bodily injury" or "personal and advertising injury":

    **(a)**  To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business . . .

* * *

Ex. B.

    24.    Further, the Policy contains the following relevant definitions:

**SECTION V – DEFINITIONS**

**1.**  "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time.

* * *

**13.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*   *   *

Ex. B.

25.     The Commercial General Liability Occurrence Coverage Part of the Policy contains the following relevant exclusion:

> **2.      Exclusions**
>
> This insurance does not apply to:
>
> **a.   Expected Or Intended Injury**
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> *   *   *

*See Ex.* B.

26.     The Commercial General Liability Occurrence Coverage Part of the Policy also contains the following relevant endorsement, Form SB003-0615, entitled "Total Liquor Liability Exclusion" which provides, in relevant part, as follows:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, c.** is deleted and replaced with the following:

This insurance does not apply to:

> **c. Liquor Liability**
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> **(1)**   Causing or contributing to the intoxication of any person;
>
> **(2)**    The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

      **(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

Ex. B.

27.    The Commercial General Liability Occurrence Coverage Part of the Policy also contains the following relevant endorsement, Form SB004-0615, entitled "Assault, Battery or Assault and Battery Exclusion" which provides in relevant part as follows:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.  SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** and **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions** are amended and the following added:

**Assault, Battery or Assault and Battery**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

**(1)** "Assault", "Battery" or "Assault and Battery" caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever;

**(2)** the failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by you, any insured, any person, any entity, or by any means whatsoever;

**(3)** the failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

**(4)** the failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

**(5)** "Assault", "Battery" or "Assault and Battery" arising out of the negligent employment, investigation, hiring, supervision, training or retention of any person;

**(6)** the use of any force to protect persons or property whether or not the "bodily injury" or "property damage" or "personal and advertising injury" was intended from the standpoint of you, any insured or any person, or committed by or at the direction of you, any insured or any person;

**(7)** the failure to render or secure medical treatment or case necessitated by any "Assault", "Battery" or "Assault and Battery"; or

**(8)** death, including any allegations of wrongful death, arising out of items **(1)** through **(7)** listed above.

**B. SECTION V – DEFINITIONS** is amended and the following is added:

"Assault" means:

**a.** an intentional or unintentional act, including but not limited to sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, or any threatened harmful or offensive contact between two or more persons creating an apprehension in another of immediate harmful or offensive contact; or

**b.** an attempt to commit a "Battery".

"Battery" means an intention or unintentional act, including but not limited to sexual abuse, sexual battery, sexual molestation, or any actual harmful or offensive contact between two more persons which brings about harmful or offensive contact to another or anything connected to another.

"Assault and Battery" means the combination of an "Assault" and a "Battery".

Ex. B.

**CRUM & FORSTER'S ORIGINAL DECLARATORY JUDGMENT ACTION**

28.     On November 16, 2018, Crum & Forster filed a declaratory judgment action regarding the scope of coverage available to Chicago Truth for the Underlying Action (the "Original Action"). The Original Action was given case number 18-cv-07596 and assigned to the Honorable Charles P. Kocoras.

29.     Following the November 16, 2018 filing of the Original Action, Crum & Forster repeatedly attempted to serve Chicago Truth with a summons and the Complaint for Declaratory Judgment (the "Declaratory Complaint") in the Original Action.

30.     Despite multiple attempts to serve Chicago Truth with summons at the address of

its registered agent (17159 S Constance Ave South Holland, IL 60473), Crum & Forster was unable to effectuate service upon Chicago Truth.

31.     On or soon after February 7, 2019, Crum & Forster determined that the Underlying Action had been dismissed for want of prosecution.

32.     Pursuant to the dismissal of the Underlying Action, Crum & Forster filed a notice of voluntary dismissal of the Original Action without prejudice. *See* Case No. 18-cv-7596, Dkt 8.

33.     On February 22, 2019, Judge Kocoras issued an order voluntarily dismissing the Original Action without prejudice. *See* Case No. 18-cv-7596, Dkt 9.

34.     On March 27, 2019, the Underlying Plaintiffs filed a motion to vacate the dismissal of the Underlying Action for want of prosecution.

35.     On April 11, 2019, the Circuit Court of Cook County granted the motion, vacated the dismissal of the Underlying Action and reinstated the Underlying Action.

36.     On or about July 12, 2019, counsel for the Underlying Plaintiffs in the Underlying Action contacted counsel for Crum & Forster and advised that the Underlying Action had been reinstated.

37.     As a result of the Underlying Action being reinstated, Crum & Forster has refiled its Declaratory Complaint against Defendants.

**THIS DISPUTE**

38.     Chicago Truth has sought a defense and indemnity from Crum & Forster under the Policy in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

39.     Crum & Forster has determined through its coverage investigation that it owes no obligation to defend or indemnify Chicago Truth in connection with the claims asserted against it

in the Complaint in the Underlying Action.

40.     Crum & Forster has made repeated attempts to advise Chicago Truth in writing that it disclaims any obligation under the Policy to provide a defense to or indemnify it in connection with the claims asserted against it in the Complaint in the Underlying Action.

41.     Crum & Forster now brings this action to obtain a judicial declaration that it owes no duties under the Policy to defend or indemnify Chicago Truth in connection with the claims asserted against it in the Complaint in the Underlying Action.

<u>**COUNT I**</u>
<u>**(No Occurrence)**</u>

42.     Crum & Forster incorporates by reference herein paragraphs 1 through 41, as if the same were fully set forth at length.

43.     The Policy provides coverage for "bodily injury" or "property damage" that is caused by an "occurrence" that takes place in the "coverage territory". *See Ex.* B.

44.     "Occurrence" is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See Ex.* B.

45.     The Underlying Plaintiffs allege in the Complaint in the Underlying Action that an "assault and battery" was committed upon them at the Structure Night Club.  *Ex.* A., p. 3, ¶ 9, p.4, ¶ 14, p. 5, ¶ 19.

46.     The allegations in the Complaint in the Underlying Action do not constitute an "occurrence" within the meaning of the Policy, because they do not describe accidental conduct.

47.     Accordingly, because the Complaint in the Underlying Action does not allege that Chicago Truth is liable for "bodily injury" or "property damage" caused by an "occurrence", the claims asserted by the Underlying Plaintiffs against Chicago Truth in the Underlying Action do not fall within the scope of the insuring agreement of the Policy and, therefore, no coverage is

afforded under the Policy to Chicago Truth for the claims asserted against it in the Underlying Action.

WHEREFORE, Crum & Forster seeks a judgment that it owes no duty under the Policy to defend or indemnify Chicago Truth, Inc. d/b/a Structure Night Club, in connection with the claims asserted against it in the Complaint in the Underlying Action.

## COUNT II
### (Assault, Battery or Assault and Battery Exclusion)

48.     Crum & Forster incorporates by reference herein paragraphs 1 through 47, as if the same were fully set forth at length.

49.     The Policy contains an Assault, Battery or Assault and Battery Exclusion which, *inter alia*, bars coverage for "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

(1) "Assault", "Battery" or "Assault and Battery" caused, directly or indirectly, by you, and insured, any person, any entity, or by any means whatsoever;

(2) the failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by you, any insured, any person, any entity, or by any means whatsoever;

(3) the failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery",

(4) the failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

(5) "Assault", "Battery" of "Assault and Battery" arising out of the negligent employment, investigation, hiring, supervision, training or retention of any person;

(6) the use of any force to protect persons or property whether or not the "bodily injury" or "property damage" or "personal and advertising injury" was intended form the

standpoint of you, any insured or any person, or committed by or at the direction of you, any insured or any person;

* * *

Ex. B.

50.     The Policy defines "Assault" as "an intentional or unintentional act, including but not limited to sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, or any threatened harmful or offensive contact between two or more persons creating an apprehension in another of immediate harmful or offensive contact, or "an attempt to commit a 'Battery'". *Id*. The Policy defines "Battery" as "an intention or unintentional act, including but not limited to sexual abuse, sexual battery, sexual molestation, or any actual harmful or offensive contact between two or more persons which brings about harmful or offensive contact to another or anything connected to another". *Id.*

51.     The Policy defines "Assault and Battery" as "the combination of an 'Assault' and a 'Battery'". *Id.*

52.     The Complaint in the Underlying Action alleges that various acts and/or omissions of Chicago Truth, including, but not limited to, carelessly and negligently hiring bouncers who were not qualified to perform their job, carelessly and negligently failing to adequately train its bouncers or hire qualified bouncers and carelessly and negligently failing to monitor the actions of its bouncers and of intoxicated patrons, "was a proximate cause of the assault and battery committed upon them. Ex. A, ¶¶ 8-9, 13-14, 18-19.

53.     Accordingly, even if the allegations of the Complaint in the Underlying Action met the requirements of the Policy's Insuring Agreement, the Policy would not afford coverage to Chicago Truth because the allegations describe "bodily injury" resulting from "assault", "battery"

or "assault and battery", which is precluded from coverage by the Assault, Battery or Assault and Battery Exclusion.

WHEREFORE, Crum & Forster seeks a judgment that it owes no duty under the Policy to defend or indemnify Chicago Truth, Inc. d/b/a Structure Night Club in connection with the claims asserted against it in the Complaint in the Underlying Action.

**COUNT III**
**(Total Liquor Liability Exclusion)**

54.     Crum & Forster incorporates by reference herein paragraphs 1 through 53, as if the same were fully set forth at length.

55.     The Policy contains a Total Liquor Liability Exclusion which precludes coverage for "'[b]odily injury' or 'property damage' for which any insured may be held liable by reason of: (1) [c]ausing or contributing to the intoxication of any person; (2) [t]he furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) [a]ny statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." *See* Ex. B

56.     The Complaint in the Underlying Action alleges that Chicago Truth "sold, gave, and/or served alcoholic beverages to the general public" at the Structure Night Club on November 18, 2017. Ex. A, ¶ 3. The Complaint further alleges that at said time and place the Underlying Plaintiffs were patrons of the Structure Night Club. Ex. A, ¶ 4. The Complaint further alleges that at said time and place the Underlying Plaintiffs suffered severe and permanent injuries due to the assault and battery committed upon them because of the alleged failures, acts, and/or omissions of Chicago Truth, including its failure to monitor the actions of the Structure Night Club's bouncers and of intoxicated patrons. Ex. A, ¶¶ 8-10, 13-15, 18-20.

57.     The Complaint alleges "bodily injury" for which Chicago Truth may be held liable

by reason of causing and/or contributing to the intoxication of any person and/or the furnishing of alcoholic beverages to a person under the influence of alcohol.

58.     Accordingly, even if the allegations of the Complaint in the Underlying Action met the requirements of the Policy's Insuring Agreement, the Policy would not afford coverage to Chicago Truth because the allegations describe conduct "[c]ausing or contributing to the intoxication of any person" and "furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol", which is precluded from coverage by the Total Liquor Liability Exclusion.

WHEREFORE, Crum & Forster seeks a judgment that it owes no duty under the Policy to defend or indemnify Chicago Truth, Inc. d/b/a Structure Night Club in connection with the claims asserted against it in the Complaint in the Underlying Action.

## PRAYER FOR RELIEF

Plaintiff Crum & Forster Specialty Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendants Chicago Truth, Inc., d/b/a Structure Night Club, Ronald Higgins, Darron Byrd, and Edward Stephens declaring as follows:

    a.  This court has jurisdiction over the parties and the subject matter of this litigation;

    b.  The Policy does not provide coverage to Defendant Chicago Truth, Inc., for the claims asserted against it in the Complaint in the Underlying Action;

    c.  Crum & Forster does not owe a duty under the Policy to defend Defendant Chicago Truth, Inc. or reimburse defense costs incurred by Defendant Chicago Truth, Inc. in connection with the claims asserted against it in the Complaint in the Underlying Action;

    d.  Crum & Forster does not owe a duty under the Policy to indemnify Defendant Chicago Truth, Inc., in connection with the claims asserted against it in the Complaint in the Underlying Action;

    e.  Crum & Forster is entitled to an award of its costs; and

    f.   Such other further relief as this Court deems just and appropriate.

Respectfully Submitted,

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY

Dated: September 25, 2019

By:    */s/ James J. Hickey*
James J. Hickey
One of the Attorneys for Plaintiff
Crum & Forster Specialty Insurance Company

James J. Hickey, Atty. No. 6198334
James.Hickey@kennedyslaw.com
Xavier Vergara, Atty. No. 6327735
Xavier.Vergara@kennedyslaw.com
KENNEDYS CMK
100 North Riverside Plaza, Suite 2100
Chicago, IL 60606
Phone: (312) 800-5000
Fax: (312) 207-2110